# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMED K. ALFAYYOUMI<br>2518 Potomac Hunt Lane, 3B<br>Richmond, VA 23219<br>CIS File No. A97 143 765 | )<br>)<br>)<br>) | Civ. No. |
| | ) | |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | )<br>) | |
| EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529 | )<br>)<br>)<br>) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528 | )<br>)<br>)<br>) | |
| | ) | |
| ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535 | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | )<br>) | |

## VERIFIED COMPLAINT FOR MANDAMUS AND
## DECLARATORY JUDGMENT

The Plaintiff, MOHAMMED K. ALFAYYOUMI, by counsel, complains of the

Defendants, EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services;

MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; and ROBERT S.

MUELLER, Director, Federal Bureau of Investigation, as follows:

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

1

## I. **PREFATORY STATEMENT**

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

2. The Plaintiff Mohammed Alfayyoumi properly filed his adjustment of status application with the Defendant U.S. Citizenship and Immigration Services ("CIS") on March 20, 2003. CIS scheduled the Plaintiff for his adjustment of status interview on December 4, 2006, which he attended. The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time to the detriment of the Plaintiff.

## II. **JURISDICTION**

3. This is a civil action brought pursuant to 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act). The APA requires CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). CIS is subject to 5 U.S.C. §555(b). *See Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

2

U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action … unreasonably delayed,' 5 U.S.C. § 706(1).").

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this Court of jurisdiction.  INA §242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  As the present action is not an action to review a removal order, but simply an action to compel CIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. §1361. *See Liu v. Novak*, Slip Copy, 2007 WL 2460425, at *4 (D.D.C. Aug. 30, 2007) ("[T]here is … significant district court authority holding that §1252(a)(2)(B)(ii) does *not* bar judicial review of the pace of application processing or the failure to take an action").

6. Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process.  8 U.S.C. §1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]"  (Emphasis added).  The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added).  The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(a)(5)(i) (emphasis added).  The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the application for adjustment of status pending before them. *See Matter of*

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

3

*Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

7. Section 242(a)(2)(B) of the INA, 8 U.S.C. §1252(a)(2)(B), as amended by section 106 of the Emergency Supplemental Appropriations Act for Defense, the Global War of Terror, and Tsunami Relief, Pub. L. 109-13 (May 11, 2005) ("REAL ID Act"), eliminated the authority of the federal courts to review decisions by the government to grant or deny discretionary relief. Specifically, INA §242(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review … (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security …." 8 U.S.C. §1252(a)(2)(B)(ii).[1] Section 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction where – as in this case – the government has a nondiscretionary duty to act on the Plaintiff's application for adjustment of status and has unreasonably failed to so act. *See Duan v. Zamberry*, Slip Copy, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007) ("The weight of authority … supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application; that duty supports a mandamus action") (and cases cited therein). The Government has discretionary authority to either grant or deny the Plaintiff's adjustment of status application. *See, e.g., Pool v. Gonzales*, Slip Copy, 2007 WL 1613272, at *2 (D. N.J. June 1, 2007) ("[E]ven though the actual decision to grant or deny an application for adjustment of status is discretionary, the USCIS has a non-discretionary duty to act on

---

[1] "[T]his subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, which includes INA §245, 8 U.S.C. §1255.

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

applications within a reasonable time"). However, the Government's discretion does not include authority to refuse or unreasonably delay its adjudication of a properly filed application. *See, e.g.*, *Chen v. Chertoff,* Slip Copy, 2007 U.S. Dist. LEXIS 68536, at *12 (N.D. Cal. Sept. 6, 2007) ("And while the discretion allotted by statute includes whether or not to grant an adjustment of status, it does not extend to processing the applications at any indefinite length of time or withholding action upon an application altogether"). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Wang v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 78372 (N.D. Cal. Oct. 10, 2007); *Sawad v. Frazier*, Slip Copy, 2007 U.S. Dist. LEXIS 75366 (D. Minn. Oct. 9, 2007); *Alkeylani v. DHS*, Slip Copy, 2007 WL 2800380 (D. Conn. Sep. 20, 2007); *Liu v. Novak*, 2007 WL 2460425, at *4; *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

### III. VENUE

9. Venue is proper under 28 U.S.C. §1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

5

The Defendant Emilio T. Gonzalez is sued in his official capacity as Director of CIS, a United States federal agency and resident in the district. The Defendant Michael Chertoff is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in the district. The Defendant Robert Mueller is sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"), a United States federal agency and resident in the district. Because national policy concerning adjudication of applications for immigration benefits is formulated by the DHS and implemented by CIS, venue is proper in this district. Additionally, because the FBI is responsible for formulating national policy and implementing procedures for the completion of security checks, including name and fingerprint checks relating to immigration benefits, venue is proper in this district.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty—the adjudication of his application to adjust status, which has been duly filed with CIS. CIS has unreasonably delayed and failed to adjudicate this application. The Plaintiff has no other adequate remedy available for the harm he seeks to redress—the failure of CIS to process his application to adjust status in a timely manner.

## V.    PARTIES

11. The Plaintiff, Mohammed Alfayyoumi, resides in Richmond, Virginia. He was born in Kuwait in 1972 and he is a citizen of Jordan. His alien registration number is A97 143 765.

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

6

12. The Defendants, EMILIO T. GONZALEZ, Director, CIS; MICHAEL CHERTOFF, Secretary, DHS; and ROBERT MUELLER, Director, FBI, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to 8 U.S.C. §1103 and §1255, and 8 C.F.R. §245.2(5)(i) and §245.6. CIS received the Plaintiff's application for adjustment of status on or around March 21, 2003. CIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. §245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence). The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits including adjustment of status.

## VI.    FACTS AND PROCEDURAL HISTORY

13. The Plaintiff, Mohammed Alfayyoumi, was born in Kuwait in 1972 and came to the United States in 1996 on a student visa. The Plaintiff has maintained lawful immigration status in the U.S. and has never engaged in any illicit activities. The Plaintiff has been steadily employed in this country with an H-1B non-immigrant employment visa, based on his expertise as an engineer. The Plaintiff has always paid his taxes and has never been arrested, charged, or convicted of any crime.

14. The Plaintiff filed his application for adjustment of status with the CIS Vermont Service Center on March 20, 2003, more than four and a half years ago. *See* Exh. 1. As CIS's published guidelines indicate that it is currently reviewing similar applications filed six months ago, the adjudication of Plaintiff's adjustment application clearly extends far

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

7

beyond CIS's normal processing timeframe.   CIS Norfolk, Virginia Processing Dates Posted    October    15,    2007,    *available    at* https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=49    (last    visited Nov. 19, 2007).

15.    The Plaintiff's adjustment of status application is based on an approved immigrant visa petition (Form I-140) filed on his behalf by his employer.   *See* Exh. 2; *see also* INA §203(b)(2).  As directed, in February 2004, Mr. Alfayyoumi submitted his fingerprints to CIS.

16.    On January 21, 2005, CIS issued a request for additional evidence.  *See* Exh. 3.  The Plaintiff promptly responded to the request on February 15, 2005 and submitted the requested documentation.  *See* Exh. 4.

17.    On August 26, 2005, the Plaintiff's former attorney made a telephonic inquiry to CIS regarding the status of his long-pending case.  On August 30, 2005, she made yet another inquiry by facsimile to CIS regarding the status of his case.  *See* Exh. 5.  CIS replied, on October 7, 2005, stating, "The processing of your [application] has been delayed.  All [applications] received by this Service are required to have routine security checks that are resulting in delays of the adjudication of [applications].  We can give no definite indication of when they will be completed."  *See* Exh. 6.

18.    On October 2, 2006, CIS Vermont Service Center transferred the Plaintiff's case to CIS Norfolk Field Office.  *See* Exh. 7.  CIS subsequently scheduled the Plaintiff's adjustment of status interview on December 4, 2006, which he attended.  *See* Exh. 8.  Upon completion of the interview, the CIS officer told the Plaintiff that his case was still

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

8

pending due to background checks.    Shortly thereafter, on December 6, 2006, the Plaintiff again submitted his fingerprints to CIS as directed. *See* Exh. 9.

19. Finally, on October 11, 2007, the Plaintiff's attorney sent a letter to the CIS Norfolk Field Office indicating the Plaintiff's intent to file a complaint for a writ of mandamus with the Court absent a response from CIS within 30 days. *See* Exh. 10.   The 30-day period has since elapsed and CIS has failed to provide any further updates on the Plaintiff's case.

20. In addition to the above-referenced inquiries, throughout this process, the Plaintiff has made numerous in-person and telephonic status inquiries with CIS.    The Plaintiff's application for adjustment of status remains pending.

21. The Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him.    The Plaintiff's ability to pursue opportunities for professional advancement has been negatively impacted by the Defendants' failure to adjudicate his application within a reasonable period of time.    The Plaintiff's uncertain immigration status has interfered with his ability to have the professional and personal stability he requires to support himself. Furthermore, the delay in adjudication has interfered with the Plaintiff's travel needs.

22. The Defendant CIS has unreasonably failed to issue a final decision on the Plaintiff's application for adjustment of status.    As more than four and a half years have elapsed since the Plaintiff filed his adjustment of status application on March 20, 2003, the Plaintiff requests that this Court compel CIS to adjudicate his application without further delay.

## VII.   CAUSE OF ACTION

23. The Plaintiff is entitled to adjust his status pursuant to 8 U.S.C. §1151(a)(2).

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

9

24. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant CIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for more than four and a half years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

25. The Plaintiff has been further prejudiced by CIS's undue delay in adjudicating his adjustment of status application, because he has been forced to repeatedly apply (and pay) for extensions of employment authorization, all to the further detriment of the Plaintiff. *See* 8 C.F.R. §274a.12(c)(9).

26. Although the Plaintiff is highly qualified, he also has been unable to advance his career and secure other employment opportunities, because the lack of lawful permanent resident status makes him less appealing to prospective employers. The Plaintiff's inability to find alternative jobs has restricted him both financially and professionally.

27. The Plaintiff's ability to travel out of the country has also been restricted, as he is required to apply for and obtain advance parole from CIS before traveling abroad while his immigration status remains pending.

28. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application to adjust status without further unreasonable delay.

## VIII.  CLAIMS

29. The Defendant CIS has willfully and unreasonably failed to adjudicate the Plaintiff's application for adjustment of status for more than four and a half years, thereby depriving

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

10

the Plaintiff of his rights under 8 U.S.C. §1151(a)(2). Pursuant to 5 U.S.C. §555(b) and §702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

30. The Defendant CIS owes the Plaintiff a duty to adjudicate his adjustment of status application, and has unreasonably failed to perform that duty. *See Matter of Sealed Case,* 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.,* 394 F. Supp. 2d at 114 (same); *see also Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978) (same).

31. This Court should grant the Plaintiff's writ of mandamus because the Plaintiff has no alternative means to obtain adjudication of his application for adjustment of status and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980).

32. The Plaintiff is entitled to action on his long-pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed on March 20, 2003. CIS has, to date, failed to make a determination on his application.

WHEREFORE, the Plaintiff pray that the Court:

1. Compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's adjustment of status application without further delay;

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

11

2. Grant such other and further relief as this Court deems proper under the circumstances; and

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 25th day of November 2007,

MOHAMMED K. ALFAYYOUMI

*By counsel,*

_____
Thomas K. Ragland
DC Bar Number: 501021

_____
Nadeen Aljijakli
DC Bar Number: 501709

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053  Fax: (202) 483-6801

Counsel for Plaintiff

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

12

<u>VERIFICATION</u>

I, Mohammed K. Alfayyoumi, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint for

Mandamus and Declaratory Judgment, upon information and belief.

Dated: _11/19/07_

Place: _Richmond, VA_


MOHAMMED K. ALFAYYOUMI

Thomas K. Ragland
Nadeen Aljijakli
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

# ReedSmith

**Helen L. Konrad** ▪ 804.344.3411 ▪ hkonrad@reedsmith.com

March 20, 2003

**VIA UPS**

Vermont Service Center
Bureau of Citizenship and Immigration Service
75 Lower Welden Street
St. Albans, VT  05479-0001

      ***RE:***    *245 Adjustment of Status Applications filed by Mohammed K. Alfayyoumi*

Dear Sir or Madam:

      With reference to the 245 Adjustment of Status Application filed by Mohammed K. Alfayyoumi, enclosed please find the following documentation for your review:

1. Form G-28 together with filing fees of $255/I-485 and $50/Fingerprint Processing;
2. Copy of I-140 Receipt Notice;
3. Copy of Birth Certificate along with translation;
4. Form I-485 together with two photos;
5. Form G-325A together with two photos;
6. Medical Exam Report;
7. Form G-28 together with filing fee of $120/I-765;
8. Form I-765 together with two photos;
9. Form G-28 together with filing fee of $110/I-131;
10. Form I-131 together with two photos;
11. Copy of Form I-20;
12. Copy of previous Employment Authorization Card;
13. Copy of I-797 Receipt Notice, reflecting pending H-1B extension;
14. Copy of I-94 Card; reflecting last date of entry;
15. Copy of Passport; and
16. Employer Letter together with copies of Mr. Alfayyoumi's recent pay stubs and 2002 Federal Income Tax Return demonstrating capacity to support self.

LONDON
NEW YORK
LOS ANGELES
SAN FRANCISCO
WASHINGTON, D.C.
PHILADELPHIA
PITTSBURGH
OAKLAND
PRINCETON
FALLS CHURCH
WILMINGTON
NEWARK
COVENTRY, U.K.
CENTURY CITY
RICHMOND
HARRISBURG
LEESBURG
WESTLAKE VILLAGE

Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
804.344.3400
Fax 804.344.3410

r e e d s m i t h . c o m

**ReedSmith**

March 20, 2003
Page 2

Thank you for your consideration of these applications.

Sincerely,
Reed Smith LLP

*Helen L. Konrad*

Helen L. Konrad

HLK/cmw
Enclosures

cc:    Mohammed Alfayyoumi

**U.S. Department of Justice**
Immigration and Naturalization Service

OMB No. 1115-0053

**Form I-485, Application to Register Permanent Residence or Adjust Status**

## START HERE - Please Type or Print

### Part 1.  Information about you.

| | | |
|---|---|---|
| Family Name **ALFAYYOUMI** | Given Name **Mohammed** | Middle Initial **Khaled** |

Address - C/O

| | |
|---|---|
| Street Number and Name **1221 Falstaff Court** | Apt. # |

City    **Richmond**

| | | |
|---|---|---|
| State **VA** | Zip Code **23233** | |

| | |
|---|---|
| Date of Birth (month/day/year) **02/07/1972** | Country of Birth **Kuwait** **(Citizen of Jordan)** |
| Social Security # **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** | A # (if any) **130 775 609** |
| Date of Last Arrival (month/day/year) **05/03/2002** | I-94 # **985994736 09** |
| Current INS Status **H-1B** | Expires on (month/day/year) **12/16/02 ext. pend.** |

### Part 2.  Application Type.    *(Check one)*

I am applying for adjustment to permanent resident status because

a. ☐  an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice-- or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐  My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐  I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d. ☐  I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐  I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐  I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least on year.

g. ☐  I have continuously resided in the U.S. since before January 1, 1972.

h. ☒  Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)
   **Concurrent filing pursuant to new regulations issued 7/31/2002**

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:    *(Check one)*

i. ☐  I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐  I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

*Continued on back.*

---

**FOR INS USE ONLY**

| Returned | Receipt |
|---|---|
| _____ | |
| _____ | |
| **Resubmitted** | |
| _____ | |
| _____ | |
| **Reloc Sent** | |
| _____ | |
| _____ | |
| **Reloc Rec'd** | |
| _____ | |
| _____ | |

☐ Applicant Interviewed

**Section of Law**
- ☐ Sec. 209(b), INA
- ☐ Sec. 13, Act of 9/11/57
- ☐ Sec. 245, INA
- ☐ Sec. 249, INA
- ☐ Sec. 1 Act of 11/2/66
- ☐ Sec. 2 Act of 11/2/66
- ☐ Other

**Country Chargeable**

**Eligibility Under Sec. 245**
- ☐ Approved Visa Petition
- ☐ Dependent of Principal Alien
- ☐ Special Immigrant
- ☐ Other

**Preference**

**Action Block**

| **To Be Completed by Attorney or Representative, if any** |
|---|
| ☒ Fill in box if G-28 is attached to represent the applicant |
| VOLAG# |
| ATTY State License #    **32941-VA** |

Form I-485 (Rev. 02/07/00)N Page 1

## Part 3.  Processing Information

| A. City/Town/Village of Birth | Kuwait | Current occupation | Engineer |

| Your mother's first name | Raja | Your father's first name | Khaled |

Give your name exactly how it appears on your Arrival/Departure Record (Form I-94)

Mohammed Alfayyoumi

| Place of last entry into the U.S. (City/State) | In what status did you last enter?  *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)* |
|---|---|
| Shannon, Ireland | |
| Were you inspected by a U.S. Immigration Officer?    ☒ Yes  ☐ No | H-1B |

| Nonimmigrant Visa Number | 47750803 | Consulate where Visa was issued Toronto, Canada |

| Date Visa was issued (month/day/year)  02/08/2002 | Sex:  ☒ Male  ☐ Female | Marital Status  ☐ Married  ☒ Single  ☐ Divorced  ☐ Widowed |

Have you ever before applied for permanent resident status in the U.S.?    ☒ No    ☐ Yes If you checked "Yes," give date and place of filing and final disposition.

N/A            N/A                                N/A

B.  List your present husband/wife, all of your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name  None | Given Name | Middle Initial | Date of Birth (month/day/year) |
|---|---|---|---|
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |

C.  List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

## Part 3.  Processing Information      *(Continued)*

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to register for permanent residence or adjust status).

1.  Have you ever, in or outside the U.S.:
   a.  knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested?  ☐ Yes  ☒ No
   b.  been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding
       traffic violations?  ☐ Yes  ☒ No
   c.  been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action?  ☐ Yes  ☒ No
   d.  exercised diplomatic immunity to avoid prosecution for a criminal offense in the U.S.?  ☐ Yes  ☒ No

2.  Have you received public assistance in the U.S. from any source, including the U.S. government or any state, county, city, or
    municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future?  ☐ Yes  ☒ No

3.  Have you ever:
   a.  within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such
       activities in the future?  ☐ Yes  ☒ No
   b.  engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling?  ☐ Yes  ☒ No
   c.  knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally?  ☐ Yes  ☒ No
   d.  illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any
       controlled substance?  ☐ Yes  ☒ No

4.  Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or
    funds for, or have you through any means ever assisted or provided any type of material support to, any person or organization
    that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of
    terrorist activity?  ☐ Yes  ☒ No

5.  Do you intend to engage in the U.S. in:
   a.  espionage?  ☐ Yes  ☒ No
   b.  any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States,
       by force, violence or other unlawful means?  ☐ Yes  ☒ No
   c.  any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive
       information?  ☐ Yes  ☒ No

6.  Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party?  ☐ Yes  ☒ No

7.  Did you, during the period March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany
    or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or
    otherwise participate in the persecution of any person because of race, religion, national origin or political opinion?  ☐ Yes  ☒ No

8.  Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person
    because of race, religion, nationality, ethnic origin, or political opinion?  ☐ Yes  ☒ No

9.  Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year,
    or are you now in exclusion or deportation proceedings?  ☐ Yes  ☒ No

10.  Are you under a final order of civil penalty for violating section 274C of the Immigration Act for use of fraudulent
     documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other
     documentation, entry into the U.S., or any other immigration benefit?  ☐ Yes  ☒ No

11.  Have you ever left the U.S. to avoid being drafted into the U.S. Armed Forces?  ☐ Yes  ☒ No

12.  Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and not
     yet complied with that requirement or obtained a waiver?  ☐ Yes  ☒ No

13.  Are you now withholding custody of a U.S. Citizen child outside the U.S. from a person granted custody of the child?  ☐ Yes  ☒ No

14.  Do you plan to practice polygamy in the U.S.?  ☐ Yes  ☒ No

**Part 4.  Signature.**   *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records which the INS needs to determine eligibility for the benefit I am seeking.

**Selective Service Registration. The following applies to you if you are a man at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System:**  I understand that my filing this adjustment of status application with the Immigration and Naturalization Service authorizes the INS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon INS acceptance of my application, I authorize INS to transmit to the Selective Service System my name,  current address,  Social Security number,  date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, the INS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| *Mohd Fayoumi* | Mohammed Alfayyoumi | 2/20/03 | 804-771-6502 |

**Please Note:**   *If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

**Part 5.  Signature of person preparing form if other than above.**     *(Sign Below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| *Helen L. Konrad* | Helen L. Konrad, Esquire | 3/20/03 | (804) 775-3825 |

| Firm Name and Address | McCandlish Holton, PC |
|---|---|
| | 1111 East Main Street Suite 1500, P.O. Box 796 Richmond VA 23218 |

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-03-091-51944 | | CASE TYPE I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
|---|---|---|
| RECEIPT DATE<br>January 30, 2003 | PRIORITY DATE<br>July 24, 2001 | PETITIONER<br>DOMINION RESOURCES SERV |
| NOTICE DATE<br>February 2, 2004 | PAGE<br>1 of 1 | BENEFICIARY A97 143 765<br>ALFAYYOUMI, MOHAMMED K. |

HELEN L. KONRAD ESQUIRE
MCCANDLISH HOLTON PC
PO BOX 796
RICHMOND VA 23218

Notice Type: Approval Notice
Section: Skilled Worker or
Professional,
Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved. The person this petition is for will be notified separately when a decision is reached on his or her pending adjustment of status application.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

*Can you put this w/ GC file?*

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I 797 (Rev. 09/07/93)N

**U.S. Department of Homeland Security**
United States Citizenship and Immigration Services

Notice of Action
Page 1

| Applicant/Petitioner A# | Application/Petition |
|---|---|
| A97143765 | I-485, Application to Register Permanent Resident or Adjust Status |
| Receipt #<br>EAC0313750894 | Applicant/Petitioner<br>ALFAYYOUMI, MOHAMMED KHALED |
| Notice Date<br>January 21, 2005 | Page<br>1 | Beneficiary |

MOHAMMED KHALED ALFAYYOUMI
ATTN HELEN L KONRAD ESQ
MCCANDLISH HOLTON PC
PO BOX 796
1111 E MAIN STREET SUITE 1500
RICHMOND VA 23218



04/01/2003  EAC-03-137-50894  EACKMC02

**IMPORTANT:  THIS NOTICE CONTAINS YOUR UNIQUE NUMBER AND MUST BE RESUBMITTED IN THE ORIGINAL WITH THE REQUESTED INFORMATION.  WHEN YOU HAVE COMPLIED WITH THE INSTRUCTIONS ON THIS FORM, RESUBMIT THIS NOTICE AND ALL REQUESTED DOCUMENTS AND/OR INFORMATION.**

1. YOUR RESPONSE MUST BE RECEIVED IN THIS OFFICE ON OR BEFORE  April 18, 2005.
2. REGULATIONS REQUIRE THAT THE REQUESTED EVIDENCE BE SUBMITTED WITHIN 12 WEEKS.
3. ALL DOCUMENTATION REQUESTED SHOULD BE SUBMITTED TOGETHER.
4. SUBMISSIONS RECEIVED AFTER THE ABOVE DATE WILL NOT BE ACCEPTED.
5. YOU MAY NOT RECEIVE AN EXTENSION OF TIME IN ORDER TO SUBMIT THE REQUESTED DOCUMENTATION.

From the date this office receives your resubmission a minimum of 14 days will be required to process your form. If you have not heard from us within **60 days** then you may contact the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**.  If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

Regulations published in Federal Register, Vol. 67, No 215, requires nonimmigrant males who meet the following criteria to register in the National Security Entry-Exit Registration System (NSEERS):

Nationals or citizens of Bangladesh, Egypt, Jordan, Kuwait, or Indonesia who were:

- Born on or before February 24, 1987; and
- Admitted to the United States on or before September 30, 2002; and
- Remained in the United States at least until April 25, 2003

Submit evidence that Alfayyoumi, Mohammed has registered in NSEERS.  Evidence should include, but is not limited to, a legible photocopy of both sides of Form I-94 (Arrival-Departure Record) and United States Visa.

You will be notified separately about any other applications or petitions you filed.  Please enclose this original notice with your response.  You may wish to make a copy of it for your records.  If you write to us about this case, or if you file another application based on this decision, please enclose a copy of this notice.  Our address is:

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
VERMONT SERVICE CENTER        380
75 LOWER WELDEN STREET
ST. ALBANS, VT 05479-0001

S

Form I-797 (8/03/90) Y

**U.S. Department of Homeland Security**
United States Citizenship and Immigration Services

Notice of Action
Page 2

A97143765
EAC0313750894

If Alfayyoumi, Mohammed believes he is not subject to this requirement, submit an explanation accompanied by supporting evidence. Evidence may include:

- Documentation from the relevant embassy demonstrating that Alfayyoumi, Mohammed is not a citizen or national of said country.
- Copies of relevant statutes or constitutional provisions (with certified translations) of the said country which clearly show Alfayyoumi, Mohammed is not a citizen or national.

You will be notified separately about any other applications or petitions you filed. Please enclose this original notice with your response. You may wish to make a copy of it for your records. If you write to us about this case, or if you file another application based on this decision, please enclose a copy of this notice. Our address is:

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
VERMONT SERVICE CENTER                    380          S
75 LOWER WELDEN STREET
ST. ALBANS, VT 05479-0001

Form I-797 (8/03/90) Y

# ReedSmith

Helen L. Konrad
Direct Phone: 804.344.3411
Email: hkonrad@reedsmith.com

Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
804.344.3400
Fax 804.344.3410

February 15, 2005

**VIA FEDERAL EXPRESS**

U.S. Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

     **RE:**    **RESPONSE TO NOTICE OF ACTION DATED 01/21/2005**
            Case Type: I-485 Application to Register Permanent Resident of Adjust
            Status for Mohammed Khaled ALFAYYOUMI (A97 143 765).

Dear Sir or Madam:

    I am the attorney for Mohammed K. Alfayyoumi. Your office requested additional information regarding the I-485 application for Mr. Alfayyoumi. In response to your request, please find attached the following:

1. Your notice, dated 01/21/2005;

2. Copy of Mr. Alfayyoumi's visa, proving NSEERS registration with FINS # 13163718;

3. Copy of I-94 card (front & back).

    We respectfully request your approval of the application to adjust to permanent resident status for Mr. Alfayyoumi. Please contact this office should you have any further questions.

            Sincerely,
            Reed Smith

            *Helen L. Konrad*

            Helen L. Konrad, Esq.

HLK/jmj
Enclosures

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON
FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

r e e d s m i t h . c o m



Departure Number

**932773097·10**

Immigration and
Naturalization Service

**I-94**
**Departure Record**

FEB 1 6 2005

PAROLE

Purpose DA, 1 512

Adjustm nt Applicant

14. Family Name

A.L.F.A.Y.Y.O.U.M.I.

15 First (Given) Name

M.O.H.A.M.M.E.D.

16. Birth Date (Day/Mo/Yr)

0.7.0.2.7.2.

17. Country of Citizenship

J.O.R.D.A.N.

**See Other Side**        ENGLISH        **STAPLE HERE**

**Warning** A nonimmigrant who accepts unauthorized employment is subject to deportation.

**Important** - Retain this permit in your possession; *you must surrender it when you leave the U.S.* Failure to do so may delay your entry into the U.S. in the future.
You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of the law.

**Surrender this permit when you leave the U.S.:**
- By sea or air, to the transportation line;
- Across the Canadian border, to a Canadian Official;
- Across the Mexican border, to a U.S. Official.

Students planning to reenter the U.S. within 30 days to return to the same school, see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.

**Record of Changes**

A 97  143  765

**Port:**                                    **Departure Record**

**Date:**

**Carrier:**

**Flight #/Ship Name:**

Case 1:07-cv-02180-RMU    Document 1-5    Filed 12/03/2007    Page 4 of 4

From:    Origin ID: (804)344-3429
Patricia Gills
REED SMITH
RIVERFRONT PLAZA - WEST TOWER
901 EAST BYRD STREET, SUITE 1700
RICHMOND, VA 23219



Ship Date: 15FEB05
Actual Wgt: 1 LB
System#: 2284611/INET2000
Account#: S *********

REF: 260458.20001.4379



Delivery Address Bar Code

SHIP TO:    (802)527-4913        BILL SENDER
**Vermont Service Center**
**USCIS**
**75 Lower Weldon Street**

**St. Albans, VT 05479**



**PRIORITY OVERNIGHT**                              **WED**
                                                Deliver By:
TRK#   **7914  7824  9605**    FORM      16FEB05
                               0201         **BTV**      AM

**05479**    -VT-US

## XH MVLA



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Helen L. Konrad
Direct Dial:   804.775.3825
Facsimile:     804.775.3800
E-Mail:        hkonrad@lawmh.com

Richmond, Virginia

Guangzhou, China

**McCandlish Holton**
A PROFESSIONAL CORPORATION

August 30, 2005

**<u>VIA FAX</u>**

**Fax # (802) 527-4816**

U.S. Citizenship & Immigration Services
Texas Service Center

RE:  **I-485 Application to Register Permanent Residence or Adjust Status**
Applicant:  **Mohammed K. ALFAYYOUMI**
**A97-143-765**
**EAC-03-137-50894**

Dear Sir/Madam:

The above referenced application was filed with your service center on March 21, 2003, attached is a copy of I-485 receipt notice for your convenience.

The Center is now processing applications that were filed on August 19, 2004.

Therefore, this is to request that you expedite the process of the I-485 application.

Thank you for your consideration of these applications.

Sincerely,

Helen L. Konrad

Helen L. Konrad

HLK/ska
Enclosures

Attorneys at Law  •  1111 East Main Street, Suite 1500  •  Post Office Box 796, Richmond, Virginia 23218-0796
Telephone 804.775.3100    Facsimile 804.775.3800    Web site www.mccandlishholton.com



3. Department of Homeland Security
75 Lower Welden Street
St. Albans, VT 05479

**U.S. Citizenship
and Immigration
Services**

# Facsimile Transmission

From: Vermont Service Center/Expedite Desk

Fax Number: 864 775 3800

File Number: EAC03137508994

Number of pages including cover: 2

A97 143 765

Date: 8-31-05

Subject: Status Inquiry

✗   We do not accept Status Inquiry through the Fax Line. Your inquiry can be addressed through the process that is available from the National Customer Service Call Center. That phone number is 1-800-375-5283. Inquiries regarding status and "How do I" questions may be answered via our online site at www.uscis.gov.

Sincerely,

*Paul E. Novak Jr.*

Paul E. Novak, Jr.
Center Director

740548.00026



**U.S. Department of Homeland Security**
Vermont Service Center
75 Lower Welden Street
St. Albans, VT
05479-0001

**U.S. Citizenship
and Immigration
Services**

Friday, October 7, 2005

HELEN KONRAD
MCCANDLISH HOLTON ATTORNEYS AT LAW
1111 E MAIN ST
STE 1500
RICHMOND VA 23218

**ATTORNEY/PARALEGAL COPY**

MOHAMMED K ALFAYYOUMI
2518 POTOMAC HUNT LN
APT 3B
RICHMOND VA 32332

Dear MOHAMMED K ALFAYYOUMI:

On 08/26/2005 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Person who contacted us:** | AHMED, SARA |
| **Caller indicated they are:** | A Paralegal or Other Employee of the Attorney of Record |
| **Attorney Name:** | HELEN KONRAD |
| **Case type:** | I485 |
| **Filing date:** | 03/21/1973 |
| **Receipt #:** | EAC-03-137-50894 |
| **Beneficiary (if you filed for someone else):** | ALFAYYOUMI, MOHAMMED, K |
| **Your USCIS Account Number (A-number):** | A097143765 |
| **Type of service requested:** | Case Status - Outside Processing Time |

The status of this service request is:

The processing of your petition/application has been delayed. All petitions/applications received by this Service are required to have routine security checks that are resulting in delays of the adjudication of petitions/applications. We can give no definite indication of when they will be completed. We apologize for the delay.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember:  By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form.  If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you.  If you move, please call us with your new address information as soon as your move is complete.  If you have already called us and given us this information, you do not need to call again.


U.S. Citizenship and Immigration Services

# Case Status Search

Receipt Number:   eac0313750894

Application Type:   I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS

Current Status:
This case has been sent for a standard interview.

On October 2, 2006, we transferred this case to our NORFOLK, VA location to conduct the interview that is a standard part of processing this I485 APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS. You will be sent a notice when the interview is scheduled, or if the office needs something from you. If you move while this case is pending, call customer service. We process cases in the order we receive them. You can use our processing dates to estimate when this case will be done. This case has been sent to our NORFOLK, VA location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

––––––––––––––––––––––––––

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).



**U.S. Department of Homeland Security**
Bureau of Citizenship and Immigration Services

---

5280 Henneman Drive
Norfolk, VA 23513

*Alien Registration #:* A97143765
Date of Receipt: 11/01/06
RE: Mohammed Khaled  ALFAYYOUMI

HELEN L. KONRAD, ESQ
REEDSMITH
901 EAST BYRD STREET, SUITE 1700
RICHMOND, VA 23219-4068

Dear Applicant:

Your application for adjustment of status to permanent resident has been received and accepted for processing.  Your interview and fingerprinting appointments are set and the notices are attached. Attached is also a change of address form to be completed if your address changes before your scheduled interview date.

The processing time for an I-765 employment authorization and/or an I-131 advance parole is 30 days.

These processing times are subject to change.  See the posted signs for updates.

All inquiries regarding an application pending with our office must be made through the Information Unit.  We ask that you do not contact this office until after processing time has expired.  In order for us to better service you, we ask that you provide proof of filing at the time your inquiry is made.  The hours for walk-in service are 8:30 am- 3:00 pm daily.

Should you move during the time your application is pending with our office, you must notify us in writing so that your information is properly updated on your application.  Remember to always include your assigned alien registration number located at the top right-hand corner of this letter when corresponding with BCIS.

Sincerely,

Phyllis A. Howard
Interim District Director of Services

Cc: Mohammed Khaled  ALFAYYOUMI

U.S. DEPARTMENT OF HOMELAND SECURITY
5280 HENNEMAN DRIVE
NORFOLK, VA 23513



File Number: A97143765
Date: November 1, 2006
RE: Mohammed Khaled  ALFAYYOUMI

HELEN L. KONRAD, ESQ
REEDSMITH
901 EAST BYRD STREET, SUITE 1700
RICHMOND, VA 23219-4068

Please come to the office shown below at the time and place indicated in connection with an official matter.
---                                                                                               ---

OFFICE LOCATION:         Norfolk Sub-Office
                         5280 Henneman Drive
                         Norfolk, VA 23513

DATE AND TIME:           12/04/06
                         11:00 AM

OFFICER:                 A
                         District Adjudications Officer

REASON FOR APPOINTMENT:    Application for Adjustment of Status Interview

THIS INTERVIEW WILL BE VIDEOTAPED.
PLEASE BRING ALL ITEMS THAT ARE CHECKED (X) TO THE INTERVIEW.

X    THIS LETTER, YOUR PASSPORT, AND YOUR I-94 (ARRIVAL/DEPARTURE FORM), IF ANY.

X    MEDICAL EXAM RESULTS, FORM I-693. APPEAR EVEN IF NOT COMPLETED.

X    FEDERAL INCOME TAX RETURNS FOR THE PREVIOUS THREE YEARS WITH W-2'S.

X    A CURRENT LETTER OF EMPLOYMENT FOR YOU AND/OR YOUR SPOUSE SHOWING RATE OF
     PAY AND HOURS PER WEEK.

X    CERTIFIED COPY OF THE COURT DISPOSITIONS OF ALL ARRESTS, IF APPLICABLE.

X    YOUR SPOUSE AND EVIDENCE OF A COMMON RESIDENCE AND SHARED LIFE (INCLUDE
     PHOTOS).

YOU MUST BRING THE ORIGINAL AND ONE CLEAR COPY OF ALL DOCUMENTS SUBMITTING FOR EXAMINATION!
THE OFFICER WILL NOT COPY ANY DOCUMENTS!

: Mohammed Khaled  ALFAYYOUMI

Department of Homeland Security 02180-RMU    Document 1-10    Filed 12/03/2007    Page 1 of 1
U.S. Citizenship and Immigration Servic

**I-797C, Notice of Action**

### THE UNITED STATES OF AMERICA

| **ASC Appointment Notice** | | APPLICATION NUMBER<br>EAC0313750894 | | NOTICE DATE<br>11/22/2006 |
|---|---|---|---|---|
| CASE TYPE<br>I485  Application to Register Permanent Resident or Adjust Status | | SOCIAL SECURITY NUMBER | USCIS A#<br>A097143765 | CODE<br>1 |
| | | TCR | SERVICE CENTER<br>ESC | PAGE<br>1 of 1 |

MOHAMMED ALFAYYOUMI
c/o HELEN   KONRAAD ESQUIRE
MCCANDLISH HOLTON PC
1111 E MAIN STREET SUITE 1500 PO BOX 796
RICHMOND, VA 23218



Your fingerprint card on file with the U. S. Citizenship & Immigration Services (USCIS) has expired.  In order for USCIS to continue processing your application, it will be necessary to have your fingerprints re-taken.  This will be completed at no additional expense to you.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | |
|---|---|
| USCIS NORFOLK<br>2500 ALMEDA AVENUE, SUITE 114<br>NORFOLK, VA 23513 | **PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**<br><br>**DATE AND TIME OF APPOINTMENT**<br>12/06/2006<br>10:00 AM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.**  Naturalization applicants must bring their Alien Registration Card.  All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID.  If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:  ☐ Wednesday afternoon    ☐ Saturday afternoon
U. S. Citizenship & Immigration Services (USCIS) cannot guarantee the day preferred, but will do so to the extent possible.  Upon receipt of your request, you will be provided a new appointment notice.  Make a copy of this notice for your records, then mail the orginal with your request to USCIS NORFOLK, 2500 ALMEDA AVENUE, SUITE 114,  NORFOLK, VA 23513

APPLICATION NUMBER I
I485   EAC0313750894



If you have any questions regarding this notice, please call 1-800-375-5283.

### WARNING!

*Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you.*

*If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*



**MAGGIO KATTAR**

Immigration and Nationality Attorneys

11 Dupont Circle, NW
Suite 775
Washington, DC 20036

202.483.0053 tel
202.483.6801 fax
www.maggio-kattar.com

Our File No. 07-1415

October 11, 2007

**_BY FEDERAL EXPRESS_**

Mr. Tony R. Bryson
District Director, Norfolk Field Office
United States Citizenship & Immigration Services
5280 Henneman Drive
Norfolk, VA 23513.

RE:    **Notice of Intent to file WRIT OF MANDAMUS on behalf of Mr. Mohammed
       ALFAYYOUMI (A97 143 765)
       Adjustment of Status Applicant**

Dear Mr. Bryson:

We write to notify you that we intend to file a complaint for a writ of mandamus with the United
States District Court for the District of Columbia absent an immediate response from your office
regarding the above referenced case. A Form G-28 Notice of Entry of Appearance on behalf of
Mr. Alfayyoumi is attached for your reference.

Mr. Alfayyoumi filed his application for adjustment of status (Form I-485) with the CIS
Vermont Service Center on March 20, 2003, more than four years ago. (Tab 1). Mr.
Alfayyoumi's application is based on his approved immigrant petition for alien worker (Form I-
140) (Tab 2). As directed, in February 2004, Mr. Alfayyoumi submitted his fingerprints to CIS.
On January 21, 2005, CIS issued a request for additional evidence. (Tab 3). Mr. Alfayyoumi
promptly responded to the request on February 15, 2005. (Tab 4). On August 26, 2005, Mr.
Alfayyoumi's former attorney made a telephonic inquiry to CIS regarding the status of his long-
pending case. On August 30, 2005, she made yet another inquiry by facsimile to CIS regarding
the status of his case. (Tab 5). CIS replied, on October 7, 2005, stating, "The processing of your
[application] has been delayed. All [applications] received by this Service are required to have
routine security checks that are resulting in delays of the adjudication of [applications]. We can
give no definite indication of when they will be completed." (Tab 6). On October 2, 2006, CIS
Vermont Service Center transferred Mr. Alfayyoumi's case to CIS Norfolk Field Office. (Tab
7). On November 1, 2006, CIS sent Mr. Alfayyoumi an adjustment of status interview notice,
which he attended on December 4, 2006. (Tab 8). At his interview, the CIS officer told Mr.
Alfayyoumi that his case was still pending due to background checks. As directed, on December
6, 2006, Mr. Alfayyoumi again submitted his fingerprints to CIS. (Tab 9). His adjustment of
status application remains pending.

Michael Maggio
Elizabeth A. Quinn*
Melissa Frisk*
James Alexander*

Andrés C. Benach*
John Nahajzer
Amy R. Novick
Cora D. Tekach

Sandra Grossman*
Nadeen Aljijakli
Thomas K. Ragland
Haesung Han*

*Not admitted in
Washington, DC



Mr. Mohammed ALFAYYOUMI (A97 143 765)
October 11, 2007
Page 2

The Administrative Procedure Act ("APA") at 5 U.S.C. §§555(b) and 702 and the Immigration and Nationality Act ("INA") and its related regulations require CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time,* each agency shall proceed to conclude a matter presented to it." (Emphasis added). CIS is subject to 5 U.S.C. §555(b). The delay of more than four years in processing Mr. Alfayyoumi's application for adjustment of status is patently unreasonable. Moreover, CIS's delay in adjudication has deprived Mr. Alfayyoumi of several opportunities for professional advancement, and it has also caused serious interference with his travel needs and work schedule. Mr. Alfayyoumi has also suffered a severe emotional burden as a result of these delays.

Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (Emphasis added). The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The Regulations also provide that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(5)(i) (emphasis added). The language of the statute and of the above-cited regulations is mandatory, not discretionary, and CIS has a clear duty to adjudicate the application for adjustment of status pending before it. *See First Federal Savings and Loan Association of Durham v. Baker,* 860 F.2d 135, 138 (4th Cir. 1988).

We are eager to resolve this matter directly with CIS. Nevertheless, if we do not receive a response to this request within <u>30 days</u>, we will have no choice but to proceed with the writ of mandamus in federal court.

We thank you for your kind attention to this matter. Please let us know if you have any questions.

Respectfully submitted,

**MAGGIO KATTAR**

Thomas K. Ragland

cc:    Mr. Mohammed Alfayyoumi
       Mr. Michael Metzgar, Associate Regional Counsel, CIS

Enclosures: As Stated.

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: Mohammed ALFAYYOUMI | Date: |
|---|---|
| | File No.  A97143765 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: Mohammed ALFAYYOUMI | ☐ Petitioner    ☐ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| 2518 Potomac Hunt Lane 3B | Richmond | VA | 23233 |

| Name: | ☐ Petitioner    ☐ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|

*Check Applicable Item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
Maryland _____ Court of Appeals _____ and am not under a court or administrative agency
*Name of Court*
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☒ 4. Others (Explain Fully.)
Michael Maggio, Cora Tekach admitted U.S. Supreme Court; John Nahajzer, Amy Novick admitted D.C. Court of Appeals; Thomas Ragland, Melissa Frisk, Sandra Grossman admitted Maryland Court of Appeals; Elizabeth Quinn admitted Supreme Court of Virginia; James Alexander admitted Florida Supreme Court; Andrés Benach, Nadeen Aljijakli admitted NY Court of Appeals.

| SIGNATURE | COMPLETE ADDRESS
Maggio & Kattar, P.C.
11 Dupont Circle, N.W., Suite 775
Washington, DC  20036 |
|---|---|
| NAME (Type or Print)
Thomas Ragland | TELEPHONE NUMBER
(202) 483-0053        Fax:  (202) 483-6801 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
Michael Maggio, Elizabeth Quinn, Jim Alexander, Andrés Benach, John Nahajzer, Cora Tekach, Amy Novick, Melissa Frisk, Sandra Grossman, Nadeen Aljijakli, and Thomas Ragland.

*(Name of Attorney or Representative)*

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

Immigration matters before the U.S. Department of Homeland Security, U.S. Department of State, U.S. Department of Labor, and U.S. Department of Justice.

| Name of Person Consenting
Mohammed ALFAYYOUMI | Signature of Person Consenting
*Mohd Fayoumi* | Date 10/9/07 |
|---|---|---|

(NOTE:  Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

Mohammed Alfayyoumi                    88888

Emilio T. Gonzalez, Michael Chertoff, Robert S. Mueller

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Richmond
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
(202) 483-0053

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02180
Assigned To : Urbina, Ricardo M.
Assign. Date : 12/3/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. §555(b) Complaint for Mandamus

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint<br>**JURY DEMAND:** YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  11/28/07    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.